IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 5 2006

GREGORY C. LANGHAM
CLERK

Civil Action No.  06-cv-00356-ZLW

CHARLES LOVELL MOSELEY,

     Applicant,

v.

WARDEN RIOS,

     Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Applicant Charles Lovell Moseley filed *pro se* on May 11, 2006, a letter to the

clerk of the Court seeking reconsideration of the order and judgment of dismissal filed

on April 13, 2006, in the instant action.  He also submitted as an attachment to his letter

a certified copy of his trust fund account statement.  The Court must construe the letter

liberally because Mr. Moseley is proceeding *pro se*.  **See Haines v. Kerner**, 404 U.S.

519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  The letter

will be construed liberally as a motion for reconsideration.  For the reasons stated

below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to reconsider filed within ten days after the judgment will be

considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Moseley's motion, which was filed more than ten days after the Court's order and judgment of dismissal entered on April 12, 2006, and filed on April 13, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Moseley failed within the time allowed to submit a certified copy of his trust fund account statement. The basis for the dismissal is explained in detail in the dismissal order filed on April 12, 2006. Mr. Moseley's submission of a certified copy of his trust fund account statement after dismissal of the action does not alter the Court's decision to dismiss the instant action for failure to submit such a certified account statement within the time allowed.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Moseley fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion for reconsideration will be denied. Accordingly, it is

ORDERED that the letter submitted *pro se* by Applicant Charles Lovell Moseley to the clerk of the Court seeking reconsideration of the order and judgment of dismissal filed on April 13, 2006, and which the Court has construed liberally as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 24 day of _____ May _____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00356-BNB

Charles Lovell Moseley
Reg. No. 51257-083
USP – Florence
PO Box 7000
Florence, CO 81226


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___5·25·06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk